Mary PORCHE, Appellant, v. R. D. HARPER, Appellee. (No. 7526.) (Court of Civil Appeals of Texas. San Antonio. March 10, 1926.) Appeal from District Court, Uvalde County; R. H. Burney, Judge. O. B. Black, of San Antonio, and Don Martin, of Uvalde, for appellant. D. H. Jones and G. B. Fenley, both of Uvalde, for appellee.

FLY, C. J. This is an action of trespass to try title to 200 acres of land in Real county, instituted by appellee against appellant in Real county, and venue changed by agreement to Uvalde county, where it was tried by a jury and verdict and judgment rendered in favor of appellee. The court peremptorily instructed the jury to return a verdict in favor of appellee for the land for which suit was brought. It was agreed by the parties that appellee "owns and holds the legal title to the G., C. & S. F. Ry. Co. survey No. 320, in Real county, Texas," which is the tract of land for which this action was brought by appellee. It was further agreed that the appellant "owns and holds legal title to all T. W. N. G. Ry. Co. survey No. 2, in Real county, Texas." The agreement further discloses that the contest is as to the boundary line between the two surveys and as to pleas of limitation interposed in the cause. Under 25 assignments of error appellant really presents but one proposition of law, that the court erred in giving a peremptory instruction to the jury to find for the appellee, which necessitates a consideration of the facts as to the questions of limitations of five and ten years. A review of the testimony convinces this court that there was sufficient testimony in favor of the proposition that a substantial fence had been built around the land in controversy, which is a strip of land lying between surveys Nos. 2 and 320, and that it had been continuously around said land, inclosing the same for a period from about 1911 to 1923, when this suit was instituted. The burden of proof to establish ownership of the land was laid upon appellee, and the testimony of the surveyor appointed by the court was so unsatisfactory as to leave in doubt the location of the boundary line between the tracts of land. The evidence was of such character as to raise questions of fact which could only be legally solved by the jury trying the case. This court refrains from any expression of opinion as to the testimony, in order that action of the court may not be hampered thereby in another trial of the cause. We merely hold that there was enough testimony for appellant to carry the case to the jury. The judgment is reversed, and the cause remanded.

---

### 2

STATE of Texas, Appellant, v. PRODUCERS' REFINING COMPANY, Appellee. (No. 6882.) (Court of Civil Appeals of Texas. Austin. Jan. 4, 1926. Rehearing Denied March 10, 1926.) Appeal from District Court, Travis County; Geo. Calhoun, Judge. W. A. Keeling, Atty. Gen., and C. A. Wheeler, Riley Strickland, and Frank M. Kemp, Asst. Attys. Gen., for the State. H. O. Caster and S. N. Hawkes, both of Bartlesville, Okl., and Phillips, Trammell & Chizum, of Fort Worth, for appellee.

McCLENDON, C. J. This is a companion case to that of cause No. 6880, State v. Gulf Refining Company, 279 S. W. 526. The pleadings and evidence are not in any material respects different in the two cases, and the questions involved are in principle the same. The decision in that case controls in this, and for the reasons set out in the opinion in that case, the judgment of the trial court is affirmed.